IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Vincent L. Neumon, Sr., ) | Case No. 8:14-cv-02060-JFA-JDA |
| ) | |
| Plaintiff, ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| v. ) | |
| ) | |
| Warden Larry Cartledge, South Carolina ) | |
| Department of Corrections, et al., ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on a motion to remand filed by Plaintiff. [Doc. 23.] Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and to submit findings and recommendations to the District Court.

On or about May 14, 2014, Plaintiff, proceeding pro se, filed this action against Defendants in the Court of Common Pleas for Greenville County, South Carolina. [Doc. 1-1 at 3–9.] On May 27, 2014, Defendants removed the action to this Court, alleging that Plaintiff was asserting federal constitutional claims under 42 U.S.C. § 1983, specifically Eighth Amendment violations under the United States Constitution. [Doc. 1.]

On June 4, 2014, Plaintiff filed a motion to amend his Complaint and to remand the matter back to state court, contending he did not want to bring federal constitutional claims in his Complaint, and that the Court of Common Pleas was the proper venue for his Amended Complaint. [Docs. 22, 23.] The Court ordered Defendants to respond to the motion to remand [Doc. 24], which they did on June 16, 2014 [Doc. 26]. The Court granted Plaintiff's motion to amend on June 18, 2014 [Doc. 28]. In Defendants' response, they

"concede that Plaintiff's Amended Complaint appears to allege only causes of action under state law" but request that all federal causes of action be dismissed with prejudice so Plaintiff would be barred from resurrecting these claims in state court. [Doc. 26.] Defendants also request that the Court order Plaintiff to pay their filing fee. [*Id.*]

## BACKGROUND

Plaintiff alleges he is entitled to relief against the Defendants for violating his rights against cruel and unusual punishment resulting in pain, suffering, physical injury and emotional distress. [Doc. 22 at 3–7.] Specifically, Plaintiff alleges Defendants Brinkley and Church used excessive and unnecessary force against him by spraying him with a chemical agent although Plaintiff was not violating prison rules and while handcuffed, in leg irons, and on his knees. [*Id*. at ¶¶ 53–54.]  Plaintiff alleges Defendants Miller, Arrowood, Brown, Creel and Anderson acted in concert with Defendants Brinkley and Church in the excessive and unnecessary force used against Plaintiff.  [*Id*. at ¶¶ 55–59.] Finally, Plaintiff alleges Defendants Mauney and Cartledge conspired "in the gross negligence of confining the Plaintiff in continuous administrative segregation with no new grounds to validate confinement" and are ultimately responsible for the conduct of the corrections officers and/ or the operations of the Perry Correctional Institution.  [*Id*. at ¶¶ 60–61.]

## APPLICABLE LAW

**Liberal Construction of Pro Se Complaint**

Plaintiff brought this action pro se, which requires the Court to liberally construe his pleadings.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519,

520 (1972); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. *Haines*, 404 U.S. at 520. Even under this less stringent standard, however, the pro se complaint is still subject to summary dismissal. *Id.* at 520–21. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the plaintiff's legal arguments for him. *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Requirements for a Cause of Action Under § 1983**

Section 1983 provides a private cause of action for plaintiffs alleging constitutional violations by persons acting under color of state law. Section 1983 provides, in relevant part,

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or any person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. To establish a claim under § 1983, a plaintiff must prove two elements: (1) that the defendant "deprived [him] of a right secured by the Constitution and laws of the United States" and (2) that the defendant "deprived [him] of this constitutional right under

color of [State] statute, ordinance, regulation, custom, or usage." *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001) (citation and internal quotation marks omitted).

**Motion to Remand Standard**

A defendant may remove to federal district court any civil action brought in a state court of which the district courts of the United States have original jurisdiction. 28 U.S.C. § 1441(a). Further, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). The district court may decline to exercise supplemental jurisdiction over a claim if it "raises a novel or complex issue of State law"; if it "substantially predominates over the claim or claims over which the district court has original jurisdiction"; if "the district court has dismissed all claims over which it has original jurisdiction"; or "in exceptional circumstances, [where] there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c).

## DISCUSSION

The Court finds that remand is appropriate. Federal district courts have original jurisdiction over two types of cases, generally referred to as federal question cases and diversity cases.[1] Federal question cases are "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Here, Plaintiff raises claims of excessive force and cruel and unusual punishment in violation of the South Carolina Constitution. Importantly, Plaintiff expressly denies raising any claims under the federal

---

[1] Neither party alleges diversity jurisdiction in this case. Accordingly, the Court will not address diversity jurisdiction.

law or involving a federal question and Defendants agree that Plaintiff's claims are now limited to state law relief. [*See* Docs. 22, 23] Because "a plaintiff is the master of his claim and may avoid federal jurisdiction by relying exclusively on state law," *Cook v. Georgetown Steel Corp.*, 770 F.2d 1272, 1275 (4th Cir.1985)(*citing Caterpillar, Inc. v. Williams*, 482 U.S. 386, 399 (1987), the Court finds that remand is appropriate in this matter as the Plaintiff relies solely on state law. Moreover, the Court will not require Plaintiff to pay Defendants' filing fee because Defendants made the decision to exercise their right to remove the case to this Court.[2] Finally, the Court finds it inappropriate to dismiss Plaintiff's claims with prejudice, particularly as Plaintiff's amendment was technically one of right under Federal Rule of Civil Procedure 15(a)(1).[3] *See B.A. v. Prince George's Cnty. Maryland*, Case No. 10-CV-1674, 2010 WL 4225710 (D. Md. Oct. 26, 2010).

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, the Court recommends Plaintiff's motion to remand be GRANTED.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin
United States Magistrate Judge

June 18, 2014
Greenville, South Carolina

---

[2] The Court notes that Defendants cited no authority for their request that Plaintiff pay their fees.

[3] The Court's decision to recommend granting the motion to remand is predicated on the assumption that Plaintiff will not pursue federal claims upon remand to state court. If Plaintiff does assert federal claims and Defendants remove the case again to this Court, the Court would consider Federal Rule of Civil Procedure 11 sanctions against Plaintiff.